**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTHONY G.,[1] | : | Case No. 3:22-cv-24 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff Anthony G. brings this case challenging the Social Security Administration's denial of his application for Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #8), Plaintiff's Reply (Doc. #9) and the administrative record (Doc. #5).

**I.    <u>Background</u>**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on February 15, 2019, alleging disability due to several impairments, including "mental health," back problems, and carpel tunnel in both hands.  (Doc. #5-6, *PageID* #232). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon.   Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920.  He reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful activity since February 15, 2019, the application date.
>
> Step 2: He has the following severe impairments: bilateral carpal tunnel syndrome (CTS); degenerative disc disease (DDD) of the lumbar spine and cervical spine; residuals of a right leg fracture; chronic obstructive pulmonary disease (COPD); obesity; a depressive disorder; a schizoaffective disorder; and an anxiety disorder.
>
> Step 3: He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … subject to the following limitations: (1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) frequent balancing; (3) no climbing of ladders, ropes, or scaffolds; (4) no work around hazards such as unprotected heights or dangerous machinery; (5) frequent use of the hands for handling and fingering; (6) no concentrated exposure to temperature extremes or respiratory irritants; (7) limited to performing simple, routine, repetitive tasks; (8) occasional superficial contact with coworkers and supervisors (superficial contact is defined as able to receive simple instructions,

2

ask simple questions, and receive performance appraisals but as unable to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (9) no public contact; (10) no fast-paced production work or jobs that involve strict production quotas; and (11) limited to jobs that involve very little, if any, change in the job duties or the work routine from one day to the next."

He has no past relevant work.

Step 5:    He can perform a significant number of jobs that exists in the national economy.

(Doc. #5-2, *PageID* #s 33-43). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since February 15, 2019, the date the application was filed. *Id.* at 43.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #5, *PageID* #s 30-43), Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #8), and Plaintiff's Reply (Doc. #9). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing

*Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

III. <u>**Discussion**</u>

In his Statement of Errors, Plaintiff asserts that the ALJ erred in weighing the medical source opinions provided by the state agency's non-examining consultants. (Doc. #7, *PageID* #s 1057-60). Plaintiff also asserts that the ALJ's findings regarding Plaintiff's COPD "lack any foundation in creditable medical opinion evidence." *Id.* at 1061. In contrast, the Commissioner maintains that the ALJ appropriately assessed the medical source opinions and that substantial evidence supports the ALJ's decision. (Doc. #8).

A. **State Agency Consultants**

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. § 416.920c. Because Plaintiff's claim for disability was filed in February 2019, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

4

Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." 20 C.F.R. § 416.920c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 416.920c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 416.920c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 416.920c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." § 416.920c(c)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to

'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id*.

In this case, Plaintiff alleges that the ALJ erred in his review of the opinions provided by the state agency reviewing psychologists, Aracelis Rivera, Psy.D., and Robyn Murry-Hoffman, Ph.D., and the state agency reviewing physicians, Abraham Mikalov, M.D., and Venkatachala Sreenivas, M.D. (Doc. #7, *PageID* #s 1057-60).

Dr. Rivera reviewed Plaintiff's records in May 2019. (Doc. #5-3, *PageID* #s 102-19). She opined that Plaintiff is capable of understanding and remembering simple and routine one-to-three step tasks and of carrying out such tasks in an environment with low production quotas and flexible time constraints. *Id.* at 114-15. Additionally, although he should not work with the general public as part of his regular duties, he is capable of interacting with supervisors and coworkers occasionally and primarily superficially. *Id.* at 115. He could adapt to occasional and easily explained changes in a work setting. *Id.* at 116. Dr. Murry-Hoffman reviewed Plaintiff's records in October 2019 and agreed with Dr. Rivera's assessment. *Id.* at 121-38.

The ALJ found the opinions of Dr. Rivera and Dr. Murry-Hoffman to be "partially persuasive." (Doc. #5-2, *PageID* #36). He noted that Dr. Rivera and Dr. Murry-Hoffman based their opinions on their reviews of the record, their expertise, and program knowledge. *Id.* The ALJ concluded that Dr. Rivera's and Dr. Murry-Hoffman's opinions were "somewhat consistent with symptoms and limitations noted in the record, such as depression, anxiety, panic attacks, drug

dependence, agitation, anger, appetite changes, decreased concentration, and racing thoughts." *Id.* (citation omitted). However, the ALJ also found that Dr. Murry-Hoffman did not address her limitations in "vocationally relevant terms." *Id.* Accordingly, the ALJ indicated that he adopted Dr. Murry-Hoffman's limitations but "adjusted the production quotas and time constraint language to reflect vocationally relevant terms." *Id.*

Plaintiff argues that the ALJ erred in his evaluation of Dr. Rivera and Dr. Murry-Hoffman's opinions. Specifically, Plaintiff asserts that the ALJ erred in his "election to dilute and/or modify the limitations identified by Drs. Rivera and Murry-Hoffman in purported service of using 'language to reflect vocationally relevant terms.'" (Doc. #7, *PageID* #1059) (quoting Doc. #5-2, *PageID* #36). Plaintiff asserts that Dr. Rivera and Dr. Murry-Hoffman's limitations are greater than those identified by the ALJ. *Id.* Furthermore, Plaintiff points out that the ALJ's RFC does not account for Dr. Rivera and Dr. Murry-Hoffman's opinion that Plaintiff would need flexible time constraints.

The Commissioner disagrees, asserting that "a common-sense reading of the assessed residual functional capacity and prior findings, in conjunction with the record evidence as a whole, make it apparent that they describe the same restriction and are supported by substantial evidence." (Doc. #8, *PageID* #1081).

As noted above, Dr. Rivera and Dr. Murry-Hoffman opined that Plaintiff was capable of work in an environment with low production quotas and flexible time constraints. (Doc. #5-3, *PageID* #s 115, 134). Although the ALJ indicated that he adopted their opinions, the ALJ limited Plaintiff to "no fast-paced production work or jobs that involve strict production quotas." (Doc. #5-2, *PageID* #39).

7

There are two primary differences between the limitations opined by Dr. Rivera and Dr. Murry-Hoffman and the ALJ's RFC.  First, a limitation to jobs without fast-paced production work or strict production quotas is not equivalent to a limitation to jobs with *low* production quotas. Second, the ALJ's RFC does not limit Plaintiff to jobs with "flexible time constraints."  As Plaintiff succinctly stated, "not fast is not inherently flexible."  (Doc. #7, *PageID* #1059).  Accordingly, the undersigned finds that Dr. Rivera and Dr. Murry-Hoffman's opined limitations are greater than those set forth by the ALJ.

Yet, as the Commissioner correctly observed, the ALJ is not required to adopt a medical opinion verbatim.  (Doc. #8, *PageID* #1081) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding."). However, when the ALJ finds a physician's opinion to be "partially persuasive" and indicates that he has adopted the physician's opinions, he must incorporate the opined limitations or provide an explanation for declining to do so.  *See Wood v. Comm'r of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at *3 (S.D. Ohio Apr. 16, 2019), *report and recommendation adopted,* No. 3:18-CV-76, 2019 WL 1958663 (S.D. Ohio May 2, 2019) ("the ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when, as here, such limitations are set forth in an opinion the ALJ weighs favorably."); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-CV-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted,* No. 2:18-CV-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019) (citing *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the

ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission)).

Here, the ALJ's one reason for departing from the physicians' opinion—a lack of "vocationally relevant terms"—fails to adequately explain why he limited Plaintiff to "no fast-paced production work or jobs that involve strict production quotas" instead of "low production quotas and flexible time constraints" as recommended by Dr. Rivera and Dr. Murry-Hoffman. The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

9

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

**B.      Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746.  Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits.  *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).  The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking.  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking.  However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case be terminated on the Court's docket.

January 17, 2023                                    *s/ Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge

11

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).